IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BETTYANN JONES, | :<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | : Civil No. 21-20163 (RBK/EAP)<br>: |
| MARK ZUCKERBERG, *et al.*, | : **OPINION**<br>: |
| Defendants. | :<br>: |

**KUGLER**, United States District Judge:

Presently before the Court is Defendant Mark Zuckerberg's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5). For the reasons set forth below, Defendant Zuckerberg's Motion is **GRANTED**.

I. **BACKGROUND**

The facts of this case are difficult to surmise from the Complaint. (ECF No. 1, Ex. A). On August 25, 2021, it appears that Plaintiff Bettyann Jones ("Plaintiff" or "Ms. Jones") received an unsolicited message from a "Tiege Brooks." (ECF No. 1-2, Ex. B at 8). Mr. Brooks claimed to have received $100,000 in cash from the "Nation World Help Company" and told Plaintiff that he had seen her name on the list of prize winners. (*Id.*) Mr. Brooks attached a screenshot showing a bank account with a balance of over $100,000, and he gave Ms. Jones a phone number to contact to receive her prize. (*Id.*) Ms. Jones then began communicating with a person identifying himself as "Kevin Edwards." (*Id.* at 2–7); (ECF No. 12). Mr. Edwards told Ms. Jones that he was a claims agent for "The National World Help Empowerment Program Company," which he claimed collaborated with the "governing body" of Facebook to select 20 people every

1

month as prize winners. (*Id.* at 3). Mr. Edwards wrote that "By The Facebook Owner (Mr. Mark Zuckerberg) the CEO of Face book Founder &Chief Executive Of-ficer," Ms. Jones had won a $100,000 prize. (*Id.* at 3–4). Ms. Jones provided Mr. Edwards with her name, address, date of birth, and other personal information, which Mr. Edwards claimed was required for Ms. Jones to collect the prize. (*Id.* at 5). Ms. Jones subsequently sent Mr. Edwards $200 to satisfy the "financial requirements" purportedly needed to claim the prize. (ECF No. 1-1, Ex. A at 3). In return, she received a check in the mail for $32,500 from "The Sherwin-Williams Company." (*Id.* at 3, 9). When Ms. Jones attempted to deposit the check, she was informed that it was fraudulent. (*Id.* at 3, 6–8). To date, she has not received the alleged prize money. (*Id.* at 4).

In October 2021, Plaintiff filed suit against Mark Zuckerberg and "Kevin Edwards" in the Superior Court of New Jersey alleging breach of contract and seeking the $100,000 prize amount. (ECF No. 1, Ex. A at 2–5). On November 22, 2021, Mr. Zuckerberg removed the case to this Court based on its diversity jurisdiction. (ECF No. 1). On December 13, 2021, Mr. Zuckerberg moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5, "Zuckerberg Mot."). Plaintiff responded on January 27, 2022, (ECF No. 7, "Pl. Resp."), to which Mr. Zuckerberg replied on January 31, 2022, (ECF No. 8).

## II.   LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)

(quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the Court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

### B. Pro Se Litigants

Where litigants are proceeding pro se, the court "must liberally construe [the plaintiff's] pleadings, and ... 'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)). However, the Court need not credit "bald assertions" or "legal conclusions." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citation omitted); *Marchisotto v. Malik*, No. CV2020426ZNQRLS, 2022 WL 2341631, at *5 (D.N.J. June 29, 2022).

### III. DISCUSSION

Mr. Zuckerberg asks the Court to dismiss Plaintiff's Complaint for failing to state a claim against him. He contends that Plaintiff has not demonstrated (1) that Mr. Zuckerberg had any

involvement in the alleged lottery or (2) that "Kevin Edwards" had the authority to enter into a contract on Mr. Zuckerberg's behalf. (Zuckerberg Mot. at 6–10). The Court agrees.

Here, Plaintiff fails to state a plausible claim against Mr. Zuckerberg. To survive a motion to dismiss, the complaint must allow the Court to "draw the reasonable inference that *the defendant* is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). Plaintiff's allegations do not give rise to a reasonable inference that Mr. Zuckerberg had any involvement in the complained of conduct, either directly or by proxy.[1] Rather, it appears that Ms. Jones was the victim of a scam perpetrated by "Mr. Edwards" and third parties unknown. (ECF No. 1-1, Ex. A). Mr. Edward's unsubstantiated (and incoherent) assertion that "By The Facebook Owner (Mr. Mark Zuckerberg)" Plaintiff had won prize money, (ECF No. 1-2, Ex. B. at 4), is insufficient to raise a plausible inference that Mr. Zuckerberg was involved in or responsible for any of the alleged misconduct. *Cf. Driessen v. Natwest Bank PLC*, No. 13-CV-00217 (MPS), 2013 WL 12073444, at *2 (D. Conn. Oct. 25, 2013), aff'd, 580 F. App'x 32 (2d Cir. 2014) (dismissing a plaintiff's complaint because the allegations "rather than permitting the inference that Defendants engaged in the conduct alleged, clearly indicate that 'Plaintiff was the target of a scam perpetrated by an unknown third party'…. The text of the emails themselves— which identified no legitimate reason why Plaintiff would be entitled to the money promised and were riddled with spelling, grammatical, and punctuation errors—make that clear. Thus, even assuming that all of the events in Plaintiff's complaint did in fact occur, the Court cannot reasonably infer from the allegations that it is Defendants—rather than an unknown third party or parties—who are responsible for the conduct." (internal citation omitted)).

---

[1] Ms. Jones submitted numerous letters on the docket after responding to the instant motion to dismiss, all of which are difficult to follow and none of which alter the outcome here. (ECF Nos. 10, 12, 13, 14, 15, 16).

4

Nor do any of the facts alleged plausibly establish that "Mr. Edwards" had authority to bind Mr. Zuckerberg in contract. To plead a breach of contract claim under New Jersey law, a plaintiff must show that: (1) the parties entered into a contract; (2) plaintiff performed under the contract; (3) defendant failed to perform under the contract; and (4) defendant's failure to perform caused a loss to the plaintiff. *Goldfarb v. Solimine*, 245 N.J. 326, 338 (2021) (citation omitted). As discussed above, nothing in Plaintiff's complaint indicates that Mr. Zuckerberg was a party to any purported contract entered into by Ms. Jones and Mr. Edwards. Thus, the issue becomes whether Mr. Edwards was acting as an agent of Mr. Zuckerberg when Mr. Edwards entered into the alleged contract with Ms. Jones.

"An agency relationship is created 'when one person (a principal) manifests assent to another person (an agent) that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act.'" *Verify Smart Corp. v. Bank of Am., N.A.*, 2021 WL 2549335, at *8 (D.N.J. June 17, 2021) (quoting *N.J. Lawyers' Fund for Client Protection v. Stewart Title Guar. Co.*, 1 A.3d 632, 639 (N.J. 2010)). This assent is given in the form of actual authority, exhibited by a principal's words or conduct, or apparent authority, which occurs when "a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." *Id.*

Plaintiff has not demonstrated the existence of agency relationship between Mr. Edwards and Mr. Zuckerberg. There are absolutely no facts indicating that Mr. Edwards had actual authority to act as Mr. Zuckerberg's agent. Likewise, none of Plaintiff's allegations give rise to a reasonable belief that Mr. Edwards had apparent authority to contract on Mr. Zuckerberg's behalf. The text messages involved here promised outlandish sums of prize money and were rife

with grammatical and spelling errors. (ECF No. 1-2 at 3–4). It would not be reasonable to conclude, based on these messages alone, that Mr. Edwards was working on behalf of Mr. Zuckerberg. Because Mr. Edwards had no actual or apparent agency to contract on Mr. Zuckerberg's behalf, Mr. Zuckerberg could not have breached any purported contract entered into by Mr. Edwards. Accordingly, Plaintiff has failed to state a claim against Mr. Zuckerberg.

## IV. CONCLUSION

For the reasons expressed above, Defendant Zuckerberg's Motion to Dismiss is **GRANTED**. An accompanying order shall issue.

Dated: 07/05/22

ROBERT B. KUGLER
United States District Judge